■ In the Matter of the Estate of AUDREY SHELDON, Also Known as AUDREY S. POON, Deceased. ALAN B. DAVIS et al., Appellants; PETER POON et

al., Respondents.—Order, Surrogate's Court, New York County, entered on July 17, 1979, affirmed. Respondents shall recover of the appellants one bill of $50 costs and disbursements of these appeals. Concur—Lane, Markewich, Lupiano and Ross, JJ.

Bloom, J. P., dissents in part in a memorandum, as follows: In this contested will proceeding, objectants Poon and Mai Van Sheldon seek to depose some 15 nonparty witnesses. Although the proponents of the will make much of the claim that adequate special circumstances have not been demonstrated (CPLR 3101, subd [a], par [4]), the interrelationships of the deceased with many of the witnesses sought to be examined is, in and of itself, sufficient to establish such special circumstances. In holding that the right to examination exists, we do not pass upon the question of privilege which may arise upon examinations of Drs. Spiegel, Keavy and Wright, and possibly others. That is a matter best left for disposition by the Surrogate on a question by question basis. I differ with my brethren only on the question of priority which, seemingly, is the real issue here involved. The proponents of the will served notice to take the depositions of the two Wappler objectants in February, 1979. On June 19, 1979, they served a notice to take the deposition of objectant Poon which was noticed to be held on June 28, 1979. On the day preceding his scheduled examination, Poon, by separate orders to show cause returnable the day after his scheduled examination, moved (1) for a protective order; and (2) to establish a schedule for the taking of the deposition of the nonparty witnesses. The Surrogate very effectively disposed of the issue of priority by fixing the schedule for examination of the nonparty witnesses (the appeal now before the court), and by sitting on the motion for a protective order. Indeed, we are informed by the briefs that that motion still remains *sub judice.* The only reason the issue of priority still remains viable is that this court stayed the examinations of the nonparty witnesses pending disposition of this appeal. In the circumstances, I would continue the stay of the examinations of the nonparty witnesses until disposition by the Surrogate of the Poon application for a protective order so that all examinations may proceed simultaneously.